| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br><br>Court Address: 7325 S. Potomac St. #100<br>Centennial, CO 80112 | DATE FILED: March 3, 2020 11:27 AM<br>FILING ID: FF419FC678F2F<br>CASE NUMBER: 2020CV30544 |
| Daniel E. Hall, individually,<br><br>Plaintiff:<br><br>v.<br><br>Bassett and Associates, Inc., a Colorado corporation,<br><br>Defendant: | ▲ COURT USE ONLY ▲<br><br>Case Number: |
| Attorney for Daniel E. Hall<br>Thomas H. Mitchiner<br>Mitchiner Law LLC<br>1888 N Sherman St Ste 200<br>Denver, CO 80203<br>Phone Number: 720-538-0371<br>E-mail: tmitchiner@mitchinerlawllc.com<br>Atty. Reg. #: 47465 | Div.: Ctrm: |
| **COMPLAINT** | |

COMES NOW Daniel E. Hall, by and through his attorney, Thomas H. Mitchiner, of Mitchiner Law, LLC, for his Complaint against Bassett and Associates, Inc. and states and alleges as follows:

### Nature of the Case

1. This is a wage and hour case, brought pursuant to the provisions of the Colorado Wage Claim Act, C.R.S. § 8-4-101 *et. seq.*, as amended [CWCA] and the Fair Labor Standards Act 29 U.S.C. § 201 *et. seq.* [FLSA] alleging that Bassett and Associates, Inc. [Bassett] failed to pay Daniel E. Hall [Hall] overtime as required by the FLSA and the CWCA.

2. Hall alleges that Bassett violated state and federal wage and hour laws, by failing to pay him overtime for all of the hours he worked over 40 in a week or over 12 in a day.



EXHIBIT D

3. Under applicable employment law, an employee is classified as exempt versus non-exempt according to their job duties, *not their job title.* Non-Exempt employees are entitled to overtime compensation regardless of whether they have an exempt title if their duties do not reflect "exempt job duties" under the FLSA or the CWCA.

4. Furthermore, to qualify as an exempt employee under the FLSA the employee must be paid a salary of at least $455 per week *and* meet the job duties test.

## Parties

5. Plaintiff, Daniel E. Hall is a citizen and resident of the state of Colorado.

6. Defendant, Bassett and Associates, Inc. is a for-profit Colorado corporation with its principal place of business located in Centennial, Arapahoe County, Colorado.

7. Bassett is a building contractor.

8. Bassett employed Hall from around July 12, 2017 to December 7, 2018.

9. Bassett employed Hall as an Assistant Superintendent.

10. Bassett is an employer under the FLSA and the CWCA.

11. Bassett employed Hall as an employee within the meaning of the FLSA and CWCA.

## Jurisdiction and Venue

12. This Court has subject matter jurisdiction over this matter pursuant to Colo. Const. Art. VI, § 9 because this is a civil action for damages and/or equitable relief.

13. This Court has personal jurisdiction over Bassett because it is a Colorado corporation registered to business in the state of Colorado, and at all relevant times, it transacted business within Colorado, owns, uses and possesses real property within this state.

14. Venue in the District Court for the Arapahoe County, Colorado is proper pursuant to Colo. R. Civ. P. 98(c)(1) because Bassett's principal place of business is in Arapahoe County, Colorado.

## General Allegations

15. Hall's employment at Bassett was governed by the laws of the United States and Colorado.

16. Bassett paid Hall $39.42 per hour.

17. Bassett hired Hall for a Superintendent position.

18. However, on Hall's first day Bassett instructed Hall that although his pay would remain the same, he would be an Assistant Superintendent and not a Superintendent.

19. Hall most recently held the position of Assistant Superintendent.

20. Bassett hired Hall to work on its project with the Cherry Creek School District.

21. Bassett paid Hall $39.42 per hour.

22. Hall regularly worked 48 to 60 hours per week for Bassett.

23. As Assistant Superintendent Hall primarily performed clerical work for Bassett at the job site, such as record keeping and the coordination of various inspectors and other contractors.

24. Hall also performed manual labor; for example, Hall operated forklifts, skid loaders, and backhoes and performed slump tests on concrete.

25. None of Hall's manual labor involved skilled tasks such as carpentry or plumbing; it was all physically demanding work.

26. Hall did not have the authority to interview, select, and train employees; and he could not set and adjust employees' rates of pay or work hours.

27. Hall did not direct the work of employees, nor did he handle complaints from employees or discipline employees.

28. Further, Hall could not determine the type of materials, supplies, equipment, or tools to be used or to be purchased, nor did he have any input or control in planning the budget.

29. Moreover, Hall's duties did not require him to work in areas such as tax, finance, accounting, or budgeting.

30. Hall's duties only required him to work within the budget Bassett provided to him.

31. Hall had no authority regarding personnel management, human resources, employee benefits, labor, government, or public relations.

32. Hall did not have the authority to select contractors to work on the project or to terminate contractors.

33. Hall's primary duties involved implementing the plans of the Superintendent, Project Manager, the architect and Bassett.

34. Hall regularly sat in on weekly meetings with Bassett, the architect and the Project Manager to discuss the project.

35. Hall attended these meetings because the Superintendent did not and because Hall needed to be aware of what was being planned so that he could implement the plans.

36. Hall also coordinated the schedules of the various contractors needed on the project in accordance with the instructions given to him by the Superintendent.

37. Further, Hall ensured that all of the documentation needed for the project was properly completed.

38. On January 13, 2020 Hall sent Bassett a demand letter demanding that it pay him his unpaid overtime.

39. As of the filing of this Complaint Bassett has not tendered any money to Hall, entitling Hall to penalties.

40. Upon information and belief, Bassett has a history of failing to pay employees properly and willfully violated state and federal wage and hour laws with respect to Hall.

## First Claim for Relief
(Colorado Wage Claim Act – Payment of Overtime)

41. Hall hereby incorporates the proceeding paragraphs as if stated, fully herein.

42. Hall and Bassett entered into a contract of employment.

43. Hall performed work for Bassett as an Assistant Superintendent.

44. In performing this work Hall regularly worked over 40 hours a week and/or over 12 hours in a day.

45. Bassett classified Hall as exempt.

46. Hall's duties indicate that he was a non-exempt employee.

47. Hall turned in timecards to Bassett indicating the days and hours he worked.

48. The timecards indicate that Hall worked overtime for Bassett, for which Bassett did not pay Hall.

49. Hall is entitled to be paid at a rate of one and a half times his regular pay rate for all hours worked over 40 in a week and over 12 in a day.

50. On January 13, 2020 Hall sent a demand letter to Bassett demanding the payment of his unpaid wages.

51. As of the date of the filing of this complaint Bassett has not tendered to Hall any monies.

52. Pursuant to the Colorado Wage Claim Act, C.R.S.§ 8-4-101, *et seq.*, Hall is entitled to recover all unpaid wages and compensation, plus a penalty of 125% of the first $7,500 of the unpaid amount and 50% of any additional amount as a result of Bassett' failure to pay Hall's earned and unpaid wages and compensation following the written demand.

53. Hall is also entitled to an additional 50% penalty pursuant to C.R.S.§ 8-4-109 because Bassett' failure to pay him overtime was willful.

54. As a result, he has suffered damages in an amount to be proved at trial.

## **Second Claim for Relief**
(Fair Labor Standards Act – Payment of Overtime)

55. Hall hereby incorporates the proceeding paragraphs as if stated, fully herein.

56. Bassett and Hall entered into a contract of employment.

57. Hall performed work for Bassett as an Assistant Superintendent.

58. In performing this work Hall regularly worked over 40 hours a week.

59. Bassett classified Hall as exempt.

60. Hall's duties indicate that he was a non-exempt employee.

61. Hall turned in timecards indicating the days and hours he worked.

62. The timecards indicate that Hall worked overtime for Bassett, for which Bassett did not pay Hall.

63. Hall is entitled to be paid at a rate of one and a half times his regular pay rate for all hours worked over 40 in a week.

64. Bassett has failed to pay Hall at a rate of one and a half time his regular pay rate for all the hours he worked over 40 in a week.

65. As a result, he has suffered damages in an amount to be proved at trial.

**Demand for Judgement**

WHEREFORE, Plaintiff, Daniel E. Hall, respectfully prays for a judgment to be entered against Bassett and Associates, Inc. as follows:

A. Against Bassett and Associates, Inc. for wages and compensation under the Colorado Wage Claim Act;

B. Against Bassett and Associates, Inc. for penalties under the Colorado Wage Claim Act, as allowed by law;

C. Against Bassett and Associates, Inc. for the 50% increase on the penalty for willfulness as allowed under the Colorado Wage Claim Act;

D. Against Bassett and Associates, Inc. for wages and compensation under the Fair Labor Standards Act;

E. Against Bassett and Associates, Inc. for liquidated damages under the Fair Labor Standards Act;

F. Against Bassett and Associates, Inc. for attorney's fees under the Colorado Wage Claim Act and the Fair Labor Standards Act;

G. Costs, as allowed by law; and

H. Such other relief as the Court deems proper.

Respectfully submitted on this 3 March 2020

Mitchiner Law, LLC

By:   /s/ Thomas H. Mitchiner
Thomas H. Mitchiner, #47465
*Attorney for Daniel E. Hall*

Address of Plaintiff: 6304 S. Walden Ct., Aurora, CO 80016