IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01067-NRN

DANIEL E. HALL,

Plaintiff,

v.

BASSETT & ASSOCIATES, INC.,

Defendant.

---

**ORDER ON
DEFENDANT'S MOTION FOR REASONABLE ATTORNEYS' FEES
(Dkt. #36)**

---

**N. REID NEUREITER
United States Magistrate Judge**

This matter is before me upon the consent of the parties to magistrate judge jurisdiction (Dkt. #12) and the Order of Reference entered by Chief Judge Philip A. Brimmer on June 15, 2020. (Dkt. #13.) Now before me is Defendant Bassett & Associates, Inc.'s ("Bassett" or "Defendant") Motion for Reasonable Attorneys' Fees, filed on June 1, 2021. (Dkt. #36.) I have carefully considered the motion (Dkt. #36), Plaintiff Daniel E. Hall's Response (Dkt. #47), and Defendant's Reply. (Dkt. #48.) On September 24, 2021, I heard oral argument from the parties (*see* Dkt. #56), and I have taken judicial notice of the file. Now being fully informed and for the reasons discussed below, it is hereby **ORDERED** that the subject motion (Dkt. #36) is **GRANTED** as follows.

## BACKGROUND

Mr. Hall filed suit against Bassett for improperly classifying him as an exempt employee and failing to pay him overtime in violation of the Colorado Wage Claim Act ("CWCA"), Colo. Rev. Stat. § 8-4-101 *et seq.*, and the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq.* On May 17, 2021, I granted summary judgment in Bassett's favor on Mr. Hall's claims because I found that Mr. Hall qualified as an exempt administrative employee under both the FLSA and CWCA. (Dkt. #33 at 11–19.) Judgment entered in favor of Bassett and against Mr. Hall. (Dkt. #34.) Per the stipulation of the parties (Dkt. #54), Bassett was awarded $9,025.55 in costs as the prevailing party under Rule 54(d) of the Federal Rules of Civil Procedure. (Dkt. #55.)

Bassett now seeks $92,886.00 in attorney fees under Rule 54(d) and the CWCA. Mr. Hall contends that Bassett is not entitled to any attorney fees or, in the alternative, that the fee award be significantly reduced.

## ANALYSIS

A motion for attorneys' fees pursuant to Rule 54(d) must be timely filed, "specify the judgment and the statute, rule, or other grounds entitling the movant to the award"; "state the amount sought or provide a fair estimate of it"; and "disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made." Fed. R. Civ. P. 54(d)(2)(B).

Bassett relies on the CWCA, which contains a discretionary fee-shifting provision that applies where an employer is the prevailing party. Colo. Rev. Stat. § 8–4–110(1) ("If, in any action, the employee fails to recover a greater sum than the amount tendered by the employer, the court may award the employer reasonable costs and attorney fees incurred in such action"). In *Carruthers v. Carrier Access Corp.*, 251 P.3d 1199 (Colo.

2

App. 2010), a division of the Colorado Court of Appeals set forth factors to be considered in determining whether an award of fees is appropriate under the CWCA:

> (1) the scope and history of the litigation;
>
> (2) the ability of the employee to pay an award of fees;
>
> (3) the relative hardship to the employee of an award of fees;
>
> (4) the ability of the employer to absorb the fees it incurred;
>
> (5) whether an award of fees will deter others from acting in similar circumstances;
>
> (6) the relative merits of the parties' respective positions in the litigation;
>
> (7) whether the employee's claim was frivolous, objectively unreasonable, or groundless;
>
> (8) whether the employee acted in bad faith;
>
> (9) whether the unsuccessful claim was based on a good faith attempt to resolve a significant legal question under the Wage Act; and
>
> (10) the significance of the claim under the Wage Act in relation to the entire litigation.

251 P.3d at 1211.

Nothing in the statute prescribes a frivolousness standard and an award of fees appears to be purely discretionary. "The statute's precursor has been interpreted to protect an employer against nuisance litigation." *Geras v. Int'l Bus. Machines Corp.*, 726 F. Supp. 2d 1292, 1297 (D. Colo. 2010), *aff'd*, 638 F.3d 1311 (10th Cir. 2011) (citing *Hartman v. Freedman*, 197 Colo. 275, 280, 591 P.2d 1318, 1322 (1979), and *Voller v. Gertz*, 107 P.3d 1129, 1132 (Colo. App. 2004)).

As to the first factor, Mr. Hall points to the parties' extensive settlement discussions, and argues that awarding attorney fees to Bassett would encourage employers to reject reasonable settlement offers from employees and would deter

3

employees from filing suit. Bassett, on the other hand, states that Mr. Hall unnecessarily prolonged litigation when he rejected a pre-litigation settlement offer, only to later demand that same amount from Bassett nine months into litigation.

I find that the first *Carruthers* factor weighs slightly in favor of Mr. Hall. This was not a particularly complex or contentious lawsuit. There were no discovery disputes or any protracted motions practice. There was a complaint, an answer, discovery, and then a motion for summary judgment. As Bassett notes in the subject motion, "counsel for both parties cooperated with one another to increase the efficiency of litigation and avoid unnecessary legal fees." (Dkt. #36 at 5.) This does not support an award for attorney fees. Moreover, I do not find the evidence regarding settlement negotiations especially germane; parties routinely, and for a wide variety of reasons, engage in continuous settlement discussions throughout litigation. I will not analyze who offered what and when at this stage.

The second and third factors relate to Mr. Hall's ability to pay an award of fees without significant hardship. Mr. Hall makes about $100,000 a year. Mr. Hall notes that the amount of fees requested, along with the costs awarded, is more than his yearly salary. He claims that if he were required to pay the full amount of the award, "it is likely that [he] will have to declare bankruptcy." (Dkt. #47 at 9.) Bassett asserts that Mr. Hall has not provided any evidence to support this claim. However, Bassett, as the moving party, has the burden to show Mr. Hall's ability to pay without incurring significant hardship. It has offered no evidence, other than Mr. Hall's salary, that Mr. Hall has the current ability to pay over six figures in costs and fees.

4

I find that Mr. Hall can pay some amount of Bassett's attorney fees, but not the full $92,886.00. The only competent and undisputed evidence before me is that Mr. Hall's yearly salary is about $100,000, an amount that is not insignificant, but neither is it inexhaustible. Awarding Bassett the full amount of its fees would necessarily result in a hardship as it would constitute over a year's worth of Mr. Hall's salary. Thus, exercising my discretion, I will reduce the amount of fees to an amount Mr. Hall should be able to pay without undue hardship.

Bassett's motion does not address its ability to absorb the attorney fees it has incurred. In its reply brief, Bassett rejects Mr. Hall's assertion that as "a large established company with millions of dollars in revenue each year," Bassett "has significantly more resources and ability to absorb the costs." Bassett states that it is a small, local, family-owned general contractor, and that litigation expenses have added financial stress at a time when increasing material costs has made it harder to compete with larger construction companies. Neither party provides any evidentiary support for their respective positions. Accordingly, they have little probative value.

The parties seem to agree that an award of fees may deter others from acting in similar circumstances. Bassett frames this as a good thing: highly compensated construction superintendents *should* be deterred from pursuing meritless claims against their employers. Mr. Hall, on the other hand, takes a broader perspective. He claims that the threat of having to pay a significant amount in attorney fees will deter employees from asserting meritorious claims under the CWCA. I do not find Mr. Hall's argument compelling. Under his theory, any attempt by an employer to recover its attorney fees would have a chilling effect, which would defeat the plain language of the

5

CWCA's fee-shifting provision. However, I find that a reduced award will still further the statute's purpose of deterring employees' from filing ill-advised lawsuits.

I will address factors six through nine together. I do not find that Mr. Hall acted in bad faith by filing this lawsuit or in how he pursued settlement negotiations. Nor were his claims patently frivolous, objectively unreasonable, or groundless. He cited authority in his opposition to Bassett's summary judgment motion showing that various courts around the country "have found that employees on construction sites holding superintendent-type positions and performing some of the same duties both did and did not fall under the administrative exemption." (Dkt. #33 at 15.) While these cases were factually distinguishable, Mr. Hall's reliance on them was not frivolous.

However, that does not mean that Mr. Hall's claims were well-founded. They were not. Mr. Hall's principal argument as to why he did not fall under the administrative exemption was that he did not have the unilateral ability to change contract documents. Under this theory, which I rejected as "far too narrow a focus," any individual who could not unilaterally modify construction plans, which is virtually everyone on a construction site, would be entitled to overtime. This was not an effective argument. The sixth factor, the relative merits of the parties' positions, weighs heavily in favor of Bassett, even if factors seven, eight, and nine do not.

Finally, Mr. Hall maintains that his CWCA claim was not significant to the entire litigation because it was identical to his claim brought under the FLSA. Therefore, Bassett would have had to perform the same amount of work had Mr. Hall only asserted a FLSA claim. However, just because the CWCA and FLSA claims were indistinguishable does not mean that only one of them was significant. Indeed, it means

6

the opposite. Both claims were central to Mr. Hall's allegation that he was owed unpaid overtime. Mr. Hall was free to only bring a FLSA claim, but he added the CWCA claim, presumably because the CWCA provides for statutory damages that can be awarded on top of any FLSA damages. By significantly increasing the amount of damages he could recover, the CWCA claim was significant to this litigation. This factor weighs in favor of Bassett.

After considering the relevant factors, I find that an award of attorney fees is appropriate in this case, but not the full amount requested by Bassett. While that amount may not be objectively unreasonable under the lodestar analysis, it still must be reduced in light of what Mr. Hall can pay without experiencing extreme hardship. I find that $17,000 in attorney fees is a reasonable amount that will protect Mr. Hall from undue privation while furthering the CWCA's purpose of discouraging employers from filing dubious lawsuits.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's Motion for Reasonable Attorneys' Fees (Dkt. #36) as follows: Bassett & Associates, Inc. is awarded $17,000 in reasonable attorney fees.

Date: November 3, 2021

*N. Reid Neureiter*
N. Reid Neureiter
United States Magistrate Judge